[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the judicial district of Waterbury. Many of the facts that give rise to this action are not in dispute. The plaintiff and the defendant whose maiden name is Jan Wise were married in Waterbury; Connecticut on May 21, 1994. The plaintiff has resided continuously in the State of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There is one minor child issue of this marriage John Michael D'Agostino born November 5, 1996. The defendant does not have any other minor children. Neither party has received state assistance.
The parties are in dispute as to the cause of the breakdown of the marriage. From the evidence presented the court finds that the plaintiff is primarily at fault for the breakdown of the marriage.
The plaintiff was born on February 25, 1955.
The plaintiff has gross weekly income from three separate sources namely his occupation as house renovator of $385, a note receivable from Mark Forino of $315 and rental income of $267 for a combined gross weekly income of $967 less taxes.
The plaintiff has a People's Bank MasterCard with a balance of $300. He owns a 1988 Chevrolet with a value of $2,500 and no loan balance, as well as a 2000 Harley Davidson motorcycle with a value of $18,500 and no loan balance. He has a First Union checking account that is a rental account with security deposits with a balance of $3,600, a First Union checking account with a balance of $850, another First Union checking account with a balance of $1,100, and a First Union savings account with a balance of $71,969. He has a life insurance policy with a cash surrender value of CT Page 7714 $4,961.82. He has an American Express Trust Company IRA with a balance of $59,054.32. He has an interest in R M Investments with an approximate value of $25,000. He has a loan receivable from Raymond Brown with a balance of $60,000. He also has a loan receivable from Mark Forino with a balance of $12,000.
The plaintiff obtained title to the land where the family home is located at 20 Robinmark Road, Prospect, Connecticut on June 29, 1995 in his name only for the total purchase price of $59,000. On March 17, 1998 he transferred title to the property to the defendant. The parties are in dispute as to the fair market value of the home, as well as the mortgage balance. The court finds that the fair market value is $280,000, that it has a mortgage balance of $93,000, and equity of $187,000.
The parties filed a joint income tax return for the calendar year 1994. The defendant's gross income was $31,141 and the plaintiff's gross income was $10,570; $8,289 of the plaintiff's gross income was from his United Liquor Retail Package Store and $2,281 was from his snow plowing business. The defendant had a loss from his rental properties at 79-81 Fanning Street, Waterbury, Connecticut and 232 Willow Street, Waterbury, Connecticut totaling $5,372.70. The parties also show in schedule D sales of various stock. One stock sale was for 500 shares of Centerbank that had been owned by the defendant in the gross amount of $9,062. This sale took place after the parties were married. The other sales were for 300 shares ACOMP in March, 1994 for a sale price of $10,421, 350 shares ACOMP in September, 1994 for a sale price of $12,075, 350 shares ACOMP in September, 1994 for a sale price of $12,075, and 500 shares of BANCONE on January 1994 for a sale price of $11,171. From the evidence presented, the court finds that all of the stock sold in the calendar year 1994, except Centerbank stock, had been owned by the plaintiff as of January 1, 1994. In addition, in December, 1994, 1500 shares of Vdata were sold at a total sale price of $4,642. In January, 1994, the plaintiff paid $1,405 for an alarm system for the property at 79 Fanning Street, Waterbury, Connecticut.
The parties filed a joint income tax return for the calendar year 1995. On August 30, 1995, the plaintiff sold his liquor business known as United Liquor Package Store for a gross sale price of $70,000. His cost or other basis plus improvements and expenses of sale was $98,231. He had previously taken depreciation of $1,978 and had a net loss of $16,253 from the sale. In August, 1995, the plaintiff purchased a 1998 GMC vehicle and plow for $12,800. In the calendar year 1995, he sold various shares of stock for a net short term loss of $1,339. He also had a long term gain for sales of stock in 1995 of $3,000. He had net rental income from the properties located at Fanning Street and Willow Street of $1,157. He had net profit from his business of car sales of $3,306. He had a net profit CT Page 7715 from his United Liquor retail business of $1,813. He also had profit from his snow plow business of $413. The defendant had net taxable income of $38,329.
The parties filed a joint income tax return for the calendar year 1996. The plaintiff had dividend and interest income arising from his shares of stock of $2,482. The plaintiff had a net profit from his snow plowing business of $1,007. He had a net loss of $2,757 from his rental income from the properties at Fanning Street and Willow Street. He had a net loss of $2,948 from his interest in G G Builders. He had a net profit from his used car sales business of $7,203. He had a net profit of $1,393 from the sale of stock. The total amount received from the sale was $15,226. The defendant had W2 net taxable income of $11,993.67. She also had taxable income from her business of $37,312. The defendant had a cost of $5,648 for an IBM computer.
The parties filed a joint income tax return for the calendar year 1997. They had dividend and interest income of $1,165. The plaintiff had a net profit from his Ideal Package Store business of $154. He also had a net profit from car sales commissions of $965. He had net rental income from the Fanning Street and Willow Street properties of $2,086. He had a $191 loss from G G Builders. On or about February, 1997, the plaintiff acquired the retail package store business known as Ideal Liquor. His cost for fixtures in February, 1997, for that business was $5,700. His cost for beer cooler was $1,431. He had a $5,200 cost for a walk-in cooler. The cost of the land and building in 1997 was $85,000 of which $20,000 was allocated to land and $65,000 to the building. The defendant had W2 income of $9,478 plus net business income of $46,723.
The parties filed a joint income tax return for the calendar year 1998. They had interest and ordinary dividends of $245. The plaintiff had a net profit from his retail liquor business of $27,309. He also had net income of $2,671 from the Willow Street and Fanning Street properties.
The defendant had a net profit from her financial analyst business of $40,807. She also had W2 income of $10,130.
The parties filed a joint income tax return for the calendar year 1999. The plaintiff had a net profit from his Ideal Liquor Store retail business of $25,788. He had a net loss of $814 from his Willow Street and Fanning Street rental properties. He had capital improvement expenses for his rental property of $4,938. The defendant had a net profit from her financial analyst business of $95,509.
The defendant filed an individual income tax return for the calendar year 2000. She had a net profit from her sales: financial advisory CT Page 7716 business of $128,028. She had net long-term capital loss from the sale of stock of $3,040.
The plaintiff obtained title to the property located at 79 Fanning Street, Waterbury, Connecticut by a corrective deed from his father on July 12, 1988. The court finds that the fair market value of that property is $80,000, that has a mortgage with a balance of $56,000, and equity of $24,000.
The plaintiff obtained title to property located at 232-234 Willow Street, Waterbury, Connecticut for $67,500 on April 25, 1984. The court finds that the fair market value of that property is $45,000, that it does not have a mortgage and has an equity of $45,000.
The plaintiff also owns property located at 408 Hill Street, Waterbury, Connecticut. The court finds that the fair market value of that property is $62,000, that it has a mortgage with a balance of $45,000 and equity of $17,000.
The defendant was born on August 11, 1964.
The defendant has gross weekly income of $2,500. In addition to deductions for health insurance and taxes, she also has business expenses consisting of a compliance fee of $50, business related expenses of $832 and an association fee of $87 weekly. She has a Chase Bank/equity credit line that was obtained in March of 2001 with a balance of $4,000. She owns a 1997 Mitsubishi with a value of $13,000 and no loan balance. She also owns a 1989 Jeep with a value of $2,500 and no loan balance. The total value of all of the furniture/appliances at the family residence, including the items that the parties have agreed may be retained by the plaintiff is $15,000. No credible testimony was presented as to the value of the furniture and fixtures that the plaintiff is retaining and the remaining value of the furniture and appliances that the defendant is retaining. The defendant also owns silver/china with a total value of $5,000. The agreement between the parties assigns to the plaintiff the two Waterford crystal bowls, the Waterford clock and the Waterford vase. No credible evidence was presented as to the value of those items. The plaintiff also owns an art collection with a value of $1,000 and jewelry with a value of $10,000. She has a bank account at First Union with a $100 balance, a checking account at American Express with a $400 balance, and a money market account at American Express with a $200 balance. She has an American Express brokerage account with a value of $3,919. She has life insurance on her life. with a cash surrender value of $12,615 and life insurance on the minor child with a cash surrender value of $1,084. She has a Roth IRA with a value of $17,892. CT Page 7717
This court has considered the provisions of § 46b-82 regarding the issue of alimony, and has considered the provisions of § 46b-81(c) regarding the issue of property orders, and has considered the provision of § 46b-84 and the Child Support Guidelines regarding the issue of support and has considered the provisions of § 46b-56 regarding the issues of custody and visitation, and has considered the provisions of § 46b-62 regarding the issue of attorneys' fees. The court enters the following orders:
 ORDER
A. BY WAY OF DISSOLUTION OF MARRIAGE
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF ALIMONY
1. No alimony is awarded in favor of either party.
C. BY WAY OF CUSTODY AND VISITATION
1. The parties entered into a stipulation dated April 24, 2001, regarding issues of custody and visitation and other matters. The court finds that stipulation is in the best interest of the child and enters orders in accordance with that stipulation. A copy of that stipulation is attached to this memorandum of decision. That stipulation did not address issues of weekend visitation and/or weekday visitation that was not resolved by the stipulation and was left for the court to decide.
2. The court enters the following orders regarding weekend and weekday visitation:
A. The plaintiff is to have visitation on alternate weekends from Friday 5:00 p.m. to Sunday at 5:00 p.m.
B. The plaintiff is to have visitation on Monday evening from 4:00 p.m. to 8:00 p.m. The child is presently enrolled in Summer camp which the court finds to be in the best interest of the child. During the time the child is in Summer camp the plaintiff shall pick up the child on Mondays at Summer camp at 3:00 p.m. and the visitation shall continue until 8:00 p.m. Until Summer camp begins the plaintiff shall have visitation with the minor child on Mondays from 8:00 a.m. until 8:00 p.m.
C. The plaintiff shall have visitation on alternating Thursdays from 1:00 p.m. to 7:00 p.m.; being the Thursdays preceding the weekends the CT Page 7718 child is not with the plaintiff. Commencing June 25, 2001, the Thursday visitation will be from 4:00 p.m. to 7:00 p.m.
D. BY WAY OF SUPPORT
1. The plaintiff is to pay to the defendant support in the amount of $139 per week. He is also to pay 31% of unreimbursed medical expenses and qualifying child care contributions.
2. The plaintiff has the right to claim the minor child as an exemption for Federal and state income tax purposes for the year 2002 and each third year thereafter (2005, 2008 etc.) provided at the end of the calendar year for which he has a right to claim the child as an exemption he is current in all of his support payments and unreimbursed medical expenses and qualifying child care contributions.
3. The plaintiff currently has life insurance in the face amount of $280,000. He is to name the child as irrevocable beneficiary in the face amount of $100,000 during the period of time he is under an order to pay support for the child. Commencing one year from the date this decision is filed and annually thereafter he has the right to reduce the amount of life insurance by $7,000.
4. The defendant is to maintain health and dental insurance for the minor child at her expense.
E. BY WAY OF PROPERTY ORDERS
1. The parties marked as an exhibit court 1 a schedule of personal property and agreed that all items that are not crossed out on that schedule are to go to the plaintiff. The court orders all items shown on court 1 that are not crossed out to be assigned to the plaintiff and all remaining items to be assigned to the defendant.
2. The defendant is to pay the liability shown on her financial affidavit and hold the plaintiff harmless therefrom.
3. The plaintiff is to pay the liability shown on his financial affidavit and hold the defendant harmless therefrom.
4. The plaintiff's interest in the real estate located at 408 Hill Street, Waterbury, Connecticut, 79 Fanning Street, Waterbury, Connecticut and 232 Willow Street, Waterbury, Connecticut is all awarded to the plaintiff.
5. The family home located at 20 Robinmark Road, Prospect, Connecticut CT Page 7719 is awarded to the defendant. The defendant is responsible for paying the mortgage, taxes and insurance on said property and is to hold the plaintiff harmless therefrom.
6. The plaintiff's cash surrender value in his life insurance policy is awarded to the plaintiff.
7. The minor child's life insurance policy is awarded to the defendant.
8. All of the silver/jewelry, furniture and appliances, art/collectibles and china located at the family residence that was not awarded to the plaintiff by virtue of the agreement between the parties is awarded to the defendant.
9. The three bank accounts shown on the defendant's financial affidavit totaling $700 is awarded to the defendant.
10. The plaintiff's interest in R M Investments, his loan receivable from Raymond Brown, and his loan receivable from Mark Forino are all awarded to the plaintiff.
11. The plaintiff's interest in his American Express Trust Company IRA is awarded to the plaintiff, as well as all bank accounts shown on his financial affidavit.
12. The defendant has a pension plan from her prior employment at Centerbank. That pension plan is ordered divided equally between the parties with counsel for the plaintiff being responsible for preparing the QDRO. The court retains jurisdiction over any disputes that may arise involving the language of the QDRO.
13. Paragraph 4 of the stipulation dated April 24, 2001, provides that each shall retain sole title to their respective motor vehicles as shown on their financial affidavit and paragraph 5 of the stipulation provides that the defendant shall retain her Amex Brokerage Account, Roth IRA and IDS Life Insurance Policies. The court also approves of paragraph 4 and 5 of the stipulation that enters orders in accordance with those paragraphs.
F. BY WAY OF ATTORNEYS' FEES
1. No attorneys' fees are awarded in favor of either party.
G. MISCELLANEOUS ORDERS CT Page 7720
1. Counsel for the plaintiff is to prepare the judgment file within thirty days and send it to counsel for the defendant for signature and filing.
2. The parties are to exchange copies of their federal and state income tax returns for so long as there is an outstanding support order or any arrearage thereto.
3. Any arrearages under the pendente lite orders up to the date this decision is filed are not merged into the judgment and survive the judgment.
4. The defendant is to cooperate with the plaintiff to enable him to obtain COBRA coverage under her existing health insurance plan at the plaintiff's sole expense.
AXELROD, J.